DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss (Motion), filed on October 20, 2008, requesting that Plaintiff's Complaint be dismissed.
A telephone case management conference was held Monday, November 10, 2008. George Bitrous, Registered Broker, appeared on behalf of Plaintiff. Barron Hartwell, Appraiser, and Richard Sanderman, Appraisal Supervisor, appeared on behalf of Defendant.
During the conference, the parties discussed Defendant's Motion. Plaintiff appeals the value of its property identified as Accounts R337170, R337054, and R337147 for tax years 2005-06, 2006-07, and 2007-08. For tax year 2005-06, Plaintiff appealed the real market value of its property to the Board of Property Tax Appeals (BOPTA). BOPTA issued its Orders on March 15, 2006. An appeal "from an order of a county board of property tax appeals shall be filed within 30 days after the date * * * of mailing of the order, * * * whichever is applicable." ORS 305.280(4).[1] Plaintiff's appealed is filed more than three years after the date of the notice. Plaintiff's appeal is not timely.
For tax years 2006-07 and 2007-08, Plaintiff appeals the real market value of land. Accounts R337054 and R337147 are vacant land and Account R337170 is developed residential land with an unoccupied improvement for some or all of the tax years. Plaintiff did not appeal *Page 2 
the real market value to BOPTA. Rather, Plaintiff appealed directly to this court. The court's jurisdiction, if any, to hear Plaintiff's appeal is found in ORS 305.288(3) which provides:
 "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."
The parties agree that Plaintiff has no statutory right of appeal remaining. The parties disagree that Plaintiff had "good and sufficient cause" for failing "to pursue the statutory right of appeal."Id.
The term "good and sufficient cause" is defined in ORS 305.288(5)(b) as follows:
 "`Good and sufficient cause?:
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
ORS 305.288(5)(b)(A) sets forth a two part test. First, good and sufficient cause is "an extraordinary circumstance that is beyond the control of the taxpayer." Id. Second, the statute requires a causal connection between the event that was beyond a taxpayer's control and the failure "to pursue the statutory right of appeal." Id. In this case, Plaintiff states through its authorized representative that it did not know it could appeal either the BOPTA Order or the property tax assessment directly to the court. The BOPTA Orders for tax year 2005-06 that Plaintiff attached to its Complaint stated: "Appeal rights — see attached." (Ptf's Compl at 16, 17, and 19.) Apparently, Plaintiff overlooked that notice on the Orders. With respect to lack of knowledge, the statute specifically states that an extraordinary circumstance "does not include *Page 3 
inadvertence, oversight, [or] lack of knowledge." Id. Plaintiff offers no other explanation for its failure to appeal.
After careful review of the evidence, the court advised the parties that Plaintiff did not demonstrate good and sufficient cause for failing to pursue its statutory right of appeal.
Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
[1] References to the Oregon Revised Statutes (ORS) are to 2005. *Page 1